Cox, J.
Plaintiffs filed their petition in error to reverse a judgment of the court of common pleas rendered against them at the October term, 1888. The errors assigned are, that the court erred in overruling their motion for a new trial; in the admission of evidence offered by defendant, and in rejecting that offered by plaintiff; in refusing to give certain charges to the jury; in overruling motion for judgment; that the facts set forth in defendant’s answer are not sufficient to constitute a defense to the action, and that judgment was for' defendant when it should have been for plaintiff.
To sustain their points of error, plaintiffs rely on the record and a paper purporting to be a bill of exceptions signed on the 4th of February, 1889, by Clement Bates, Judge of Common Pleas, and filed January 5, 1889. This paper states that the case was tried at the October term, 1888, of the Court of Common Pleas of Hamilton County, before Hon. C. D. Robertson and a jury. The transcript of the record of that court shows that the jury was sworn on the 9th of November, 1888, and on the same day returned a verdict for defendant; that a motion for new trial was that day filed, which was on the 10th overruled and judgment entered on the verdict. The transcript also shows that the bill of exceptions, signed by Clement Bates, Judge o| Common Pleas, on the 4th of February, 1889, was ordered on the minutes of *346 October term, 1888, by him, and was filed January 5, 1889, of that term, the attorneys for defendant at the time “ objecting to the bill of exceptions being signed by any other person than C. D. Robertson,” who had been the trial judge. And now in this court, defendants object to said bill of exceptions being considered, because the case was tried before Judge Robertson, the motion for new trial was overruled and judgment entered by him, and he only was authorized to sign the bill.
The statute, as amended April 11, 1888, vol. 85, 181, sec. 5301, provides that the bill must be presented to the trial judge within thirty days from the end of the term at which judgment was rendered ; and sec. 5302, that it must be signed by the trial judge, or a majority of the judges composing the court. In this case, but one judge composed the court, under sec. 464, regulating that court in Hamilton countjr.
We are unable to find any authority for any judge other than the trial judge signing a bill of exceptions to questions arising before him. He is the person who is to judge whether or not the bill be a true one, and if his term, for any cause, expires before he has signed it, there seems to be no remedy.
We are referred by counsel for plaintiff, to the case of Wilson v. Geddings, 28 Ohio St. 554, as sustaining the authority of another judge to sign the bill.
The decision on this point is embraced in the first syllabus of that case, and is as follows: “ When the bill of exceptions to a judgment of the district court was allowed by two judges of the same judicial district, who do not appear by the record to have participated in the trial, it will be presumed,, in support of the record, that the judges who signed and sealed the bill of exceptions heard the motion, and made the order, overruling the motion for a new trial, and allowed the bill of exceptions, in the discharge of their official duty.”
In the decision, page 560, the court say that “ the case was tried by Judge Welch of the Supreme Court, and Judges Stone and Paine of the common pleas of that district. The record shows that this bill of exceptions was signed and sealed by John Fitch and W. W. Boynton, judges. ‘ We will take official notice that they were at that time common pleas judges of that *347 district. We do not think it essential to the validity of a bill of exceptions in all cases that it be allowed, signed and sealed by the judges who presided at the trial, unless the same judges also presided at the time the motion for a new trial was heard and disposed of.’ We think the statute of April 12,1858, (S. &. C. 1155), is complied with when the judges who compose the court, or a majority of them, at the time the motion for a new trial is heard and disposed of, allow the bill of exceptions taken to their ruling.”
This case was decided under the law of 1858, S. & C. 1155, sec. 693, which provided that the bill should be signed by “the judge or judges of said court concurring in the judgment, opinion or order.” But the present statute, secs. 5301 and 5302, requires it to be signed by the “ trial judge.” Whether, if it can be tried by one judge and the motion for a new trial be heard and decided by another judge in the same circuit, the latter may legally sign the bill of exceptions containing the whole proceedings of the trial, is an important question, but not necessary to be decided here. We do not find the case before us one parallel with that of Wilson v. Giddings, 28 Ohio St.
Observing the rule laid down by the Supreme Court, we will take judicial notice of who are judges of the court of common pleas at a particular time. C. D. Robertson was judge of the court of common pleas at the time of the trial of said case and the hearing and overruling of the motion for new trial, and the entering o f the judgment complained of, and so remained until the 3d of December, 1888. Clement Bates was not a judge of said court during the whole of the hearing of said case and entering of said judgment, but only took his seat as said judge December 3, 1888. He therefore did not at any stage of the trial of said case, or any of the motions or judgments therein, occupy the position of Judges Fitch and Boynton in the case ,of Wilson v. Giddings, nor can we presume that he did so, for we can not presume that he acted as a judge when he was not one.
We therefore conclude that the bill of exceptions can not be considered, because it was not signed by any person authorized to sign it.
Mack & Simrall, for plaintiffs.
W. II. Jones, for defendant.
On the question as to the sufficiency of the answer, which appears properly in the record, we are satisfied that it contained a sufficient statement of a legal defense.
The judgment of common pleas will therefore be affirmed.